IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STATE OF TEXAS,§<br>    Plaintiff,§<br>§<br>vs.§<br>§<br>WYNGATE INTERNATIONAL, INC.;§<br>ZONE 7 COMMUNICATIONS LLC;§<br>LIVE LEAD PROS INC.;§<br>and DEAN AUSTIN, Individually§<br>    Defendants§ | Civil Action No. 1:16-CV-1025 |

**DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION
AND MONETARY RELIEF**

On August 31, 2016, Plaintiff, State of Texas, filed its complaint against Defendants pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), and the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et seq.* (West 2009 Supp. 2013) ("Texas No Call Act").

Defendants were properly served with a copy of the complaint and summons. Pursuant to FED. R. CIV. P. 55(a), the Court entered default against Defendants Wyngate International, Inc. ("Wyngate"), Zone 7 Communications LLC ("Zone 7"), Live Lead Pros, Inc ("Live Lead Pros"), and against Defendant Dean Austin ("Austin") on November 30, 2016.

Plaintiff State of Texas has moved for entry of a default judgment on all counts of the Complaint against Defendants Wyngate, Zone 7, Live Lead Pros, and Dean Austin pursuant to Fed R. Civ. P. 55(b)(2). The Plaintiff State of Texas' Motion for Entry of Default Judgment is hereby

1

granted, and **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

## I.    FINDINGS

THE COURT NOW FINDS that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it has jurisdiction over all parties hereto.

2. Venue and service of process are proper.

3. This action was initiated by Plaintiff State of Texas under the TCPA, the Telemarketing Act, and the Texas No Call Act.  Plaintiff State of Texas seeks permanent injunctive relief and monetary relief as a result of Defendants' illegal telemarketing practices.  The Plaintiff State of Texas has the authority pursuant to each of the foregoing statutes to seek the relief it has requested.

4. Defendants were served with the Complaint and Summons as required by Fed. R. Civ. P. 4(e) and 4(h).

5. Defendant Zone 7 was served with process on September 10, 2016, by serving its registered agent, Frances Finman Pickens.

6. Defendant Live Lead Pros Inc., was served with process on September 14, 2016, by serving its President, Dean Austin, by leaving the documents in the front door at 5541 NE 33rd Ave., Fort Lauderdale, Broward County, FL., after Dean Austin answered the door but refused to take the documents from the process server.

7. Defendant Wyngate was served with process on September 10, 2016, by serving its registered agent, Dean Austin.

8. Defendant Dean Austin was personally served with process on September 10, 2016,

   at his residence 541 NE 33rd Avenue, Fort Lauderdale, Florida 33308.

9.  Defendants Wyngate, Zone 7, Live Lead Pros and Dean Austin have failed to file an answer to the Complaint within the set forth in Fed. R. Civ. P. 12(a), or to otherwise defend this action.

10.  Default was entered against Wyngate, Zone 7, Live Lead Pros and Dean Austin on November 30, 2016.

11.  Defendants still have not filed an answer to the Complaint.

12.  Defendant Wyngate has done business in Texas but is not registered to conduct business in Texas and has not designated an agent for service of process in Texas.

13.  Defendant Zone 7 has done business in Texas but is not registered to conduct business in Texas and has not designated an agent for service of process in Texas.

14.  Defendant Live Lead Pros has done business in Texas but is not registered to conduct business in Texas and has not designated an agent for service of process in Texas.

15.  Defendants Wyngate, Zone 7 and Live Lead Pros generate sales leads for their clients by making outbound telemarketing calls using an automated telephone dialing system that delivers a prerecorded message to the call recipient.

16.  Defendants placed millions of abusive telemarketing calls to the homes, offices, and cell phones of consumers nationwide, including in Texas.

17.  To make its calls, Defendants utilize an automated telephone dialing system which, upon answer, delivers a prerecorded message.

18.  Defendants make such calls despite the fact that Defendants are aware of federal

and state telemarketing laws.

19. When a client of Defendants buys leads from Defendants, the client specifies the state or geographic area from which they want leads and any specific demographics which they are interested in, and Defendants decide which databases are most appropriate, load those databases into their automated telephone dialing system, and load the appropriate recorded message.

20. When a consumer answers a call initiated by Defendants, the consumer is greeted by an automated, recorded message.

21. Even after consumers express their desire not to receive additional calls by pressing the appropriate keypad button in response to Defendants' calls, Defendants continue to call such consumers.

22. Defendants have at least twenty clients based in the State of Texas, as well as clients that make calls into the State of Texas.

23. Defendants made robocalls to millions of Texas consumers, including consumers in Travis County, Texas.

24. Many of the robocalls made by Defendants and their automated telephone dialing system are made to mobile telephones of Texas consumers who have not provided Defendants consent to receive such calls.

25. Many of the robocalls made by Defendants are made to Texas consumers who have registered their telephone number on the Federal No-Call List and/or the Texas No-Call List.

26. Defendants knew about the Federal No-Call List and the Texas No-Call List and

      knew that the law prohibits placing to calls to consumers who have chosen to place their phone numbers on the list.

27. Defendants took steps to avoid being identified, including failing to transmit accurate Caller ID information.

28. Defendant Austin solely owns and operated Defendants Wyngate, Zone 7, and Live Lead Pros.

29. Defendant Austin participates in the day to day operations of Defendants Wyngate, Zone 7, and Live Lead Pros and directly participated in the conduct described herein.

30. Defendants' call records show that Defendants made at least 9,390,416 telemarketing calls between January 2, 2015, to June 16, 2015.

31. Of the 9,390,416 calls that Defendants made, 983,126 calls were made to Texas consumers on the Federal No-Call List.

32. Of the 9,390,416 calls that Defendants made, 982,955 calls were made to Texas consumers on the Texas No-Call List.

## II.   DEFINITIONS

**IT IS FURTHER ORDERED** that as used in Section III of this Order, the following definitions shall apply:

1. "Automated Telephone Dialing System" means equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.  The term specifically includes any equipment that has the capacity to generate numbers and dial them without human

   intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists.

2. "Federal No-Call List" means the database of telephone numbers of persons who have registered with the Federal Government as requesting not to receive telemarketing calls;

3. "Texas Area Code" means any current or future area code that covers a geographic region in the State of Texas, including the following area codes:

   210
   214
   254
   281
   325
   361
   409
   430
   432
   469
   512
   682
   713
   737
   806
   817
   830
   832
   903
   915
   936
   940
   956
   972
   979

4. A "Texas Consumer" means any person whose telephone number includes a Texas Area Code;

5. "Texas No-Call List" means the database of telephone numbers of consumers in the State of Texas who registered with the Public Utility Commission of Texas (or its agent) pursuant to § 304.051 of the Texas No Call Act as requesting not to receive telemarketing calls; and

6. "Texas Telephone Number" means any telephone number containing a Texas Area Code.

### III.  INJUNCTION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this ORDER by personal service or otherwise, are hereby restrained and enjoined from:

1. Placing any telephone call or causing any telephone call to be placed using an Automated Telephone Dialing System to any cellular telephone number assigned to a Texas Consumer;

2. Placing any telephone call or causing any telephone call to be placed using an automated or prerecorded message to any cellular telephone number assigned to a Texas Consumer;

3. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number that has been placed on the Federal No-Call List or the Texas No-Call List;

4. Placing any telephone call or causing any telephone call to be placed using any automated or prerecorded voice message without the prior express, written consent

   of the call recipient;

5. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number without transmitting Defendants' accurate telephone number and business name to any caller identification service in use by the called party;

6. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number while transmitting any inaccurate or misleading caller ID information;

7. Misrepresenting, directly or indirectly, the entity that is making any telephone call to a Texas Telephone Number, including but not limited to using any false caller ID information or using any unregistered business name;

8. Assisting any other person from engaging in any conduct for which Defendants are prohibited herein, including but not limited to allowing any third party to use Defendants' hardware, software, or rights or access to hardware or software if Defendants know or reasonably should know that such third party is using the hardware or software to engage in any conduct for which Defendants are prohibited herein.

## IV.   MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

1. Judgment is hereby entered against Defendants, jointly and severally, in the amount of Three Million Nine Hundred Thirty-Two Thousand, Six Hundred Twenty-Two and No/100 Dollars ($3,932,622.00), which consists of:

    A. One Million Nine Hundred Sixty-Six Thousand, Seven Hundred Fifty-Two

and No/100 Dollars ($1,966,752.00) as statutory damages pursuant to the TCPA, and

B. One Million Nine Hundred Sixty-Five Thousand, Nine Hundred Ten and No/100 Dollars ($1,965,910.00) as civil penalties pursuant to the Texas No Call Act.

2. The amounts set forth in the preceding Paragraph IV (1) of this Order shall become immediately due and payable by Defendants upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. 1961, as amended, shall immediately begin to accrue on the unpaid balance; and

3. The penalties owed by Defendants are payable to and for the benefit of a governmental unit and they are not compensation for actual pecuniary loss.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for all purposes.


IT IS SO ORDERED, this 49yj day of Lwpg 2017.

_____
The Honorable Robert L. Pitman
United States District Judge